**STATEMENT OF FACTS AND**
**AFFIDAVIT IN SUPPORT OF PROBABLE CAUSE**

On August 20, 2025, officers with the Metropolitan Police Department (MPD) Fifth District Crime Suppression Team were conducting routine patrol in full uniform alongside agents from the Federal Bureau of Investigation (FBI), Department of Homeland Security (DHS), and Immigration and Customs Enforcement (ICE). All law enforcement members with outside agencies wore civilian clothing but had insignia which identified them as law enforcement.

Through their knowledge and training, the MPD officers were aware that narcotics are regularly sold in the vicinity of 400 Rhode Island Avenue Northeast, Washington D.C. Accordingly, as they drove southbound in the 2300 block of 4th Street Northeast, Officers Vanriel, Gatewood, Medina, De'Plour, and Sergeant Rosa were alert to indicia of narcotics sale, possession, and use. As they travelled down 4th Street, they observed a white Honda bearing DC tags JK9527 parked alongside a gas pump in the parking lot of a BP Gas Station located at 400 Rhode Island Avenue Northeast, Washington D.C. Officers observed two occupants seated in the driver's seat and front passenger's seat. Both front doors were open. Officers observed the driver, later identified as Treyvon COOPER (D.O.B ▮▮▮▮), seemingly notice the marked police cruiser, exit the Honda and close the door, and walk away. COOPER walked out of the gas station parking lot and entered a liquor store adjacent to the gas station.

As they were driving by and parallel with the Honda, officers observed the front passenger, later identified as Mikel REEVES (D.O.B. ▮▮▮▮), take a draw on what was later identified to be a hand-rolled marijuana cigarette. Officers also observed a large cloud of smoke emanating from the front passenger compartment. Based on their knowledge and training, as well as the density of the cloud of smoke, the officers believed the smoke to be more consistent with marijuana than a regular cigarette. At that point, the officers also smelled the odor of freshly burnt marijuana.

When REEVES seemingly took notice of the marked police cruisers, he also exited the Honda, closed the door, and walked away.

Upon observing the actions of COOPER and REEVES separating from the vehicle when they observed the presence of law enforcement, the presence of smoke emanating from the vehicle, and the smell of burnt marijuana around the vehicle, Officers believed the actions of COOPER and REEVES to be consistent with individuals attempting to separate themselves from contraband (narcotics, firearms, or both) inside the vehicle. Officers exited their vehicles and stopped COOPER inside of the liquor store. REEVES attempted to walk in the same direction as COOPER but was stopped closer to the vehicle. Using his flashlight, Sergeant Rosa looked into the vehicle and observed an apparently lit and still burning cigarette near the center console of the vehicle; smoke was actively emanating from the cigarette. Due to the proximity of the gas pump, Sergeant Rosa opened the car door to extinguish the cigarette. When Sergeant Rosa opened the car door, he immediately observed a firearm on the passenger side floorboard alongside a black and yellow bookbag:



The Department of Forensic Science responded and recovered a .357 caliber black Glock 32. The weapon was loaded with 1 round in the chamber and 12 rounds loaded into a 13-capacity magazine. The weapon had a serial number of BWMX675.

Officer Vanriel then conducted a search of the vehicle and its contents. Inside the black and yellow bookbag were the following items:

1. 221 clear sandwich bags;

2. 1 clear bag containing green leafy substance, weighing 285.5 grams with packaging that field tested positive for THC;

3. 1 small clear bag containing green leafy substance weighing 1.5 grams; and

4. 1 black digital scale.

Officer De'Plour located a large clear bag containing 29.5 grams of marijuana inside the glove box. Recovered from next to the center console was a white marijuana cigarette, which tested positive for THC.

Recovered from COOPER was $90.00 in US Currency in the following denominations:

1. 3- $20.00
2. 2-$10.00
3. 2- $5.00

Recovered from REEVES was $150.00 in US Currency in the following denominations:

1. 1-$50.00
2. 3-$20.00
3. 1-$10.00
4. 6-$5.00

As he was being arrested, COOPER spontaneously uttered a statement indicating that the vehicle was registered to his girlfriend. COOPER also spontaneously uttered a statement indicating that he had just picked up REEVES from around 3rd Street. Given the presence of marijuana inside the glovebox, there is probable cause to believe that COOPER, as the driver and operator of the vehicle, possessed the marijuana.

There is also probable cause to believe that REEVES possessed the items in the backpack and the firearm. Based on the items inside the backpack—namely, the quantity of narcotics, the zip lock bags used for packaging narcotics, and the digital scale used to weigh narcotics—there is probable cause to believe the possession of the narcotics to be consistent with quantities possessed by individuals intending on distributing the substance and inconsistent with possession for personal use. There is also probable cause to believe REEVES was in possession of the firearm, based on the location of the firearm and where REEVES was observed seated in the vehicle. A Wales/NCIC check of the firearm serial number revealed that it was unregistered in the District of Columbia. A query of DC gun Registry and Wales/NCIC revealed that REEVES did not have a license to carry a firearm or any firearms registered to him. Given the proximity of the gun to narcotics and other drug paraphernalia in the bookbag, as well as the fact that the gun was not

being properly stored or registered in the District of Columbia, there is probable cause to believe the firearm was used in furtherance of REEVES's intent to distribute marijuana.

COOPER and REEVES were placed under arrest and transported to the Fifth District to be processed.

For the reasons set forth above, I submit that probable cause exists to believe that, on or about August 20, 2025, COOPER committed the offense of possession of a controlled substance, to wit, marijuana, in violation of Title 21, United States Code, Section 844.  There is also probable cause to believe that REEVES committed the offenses of Using, Carrying, and Possessing a Firearm in Furtherance of a Crime of Violence or a Drug Trafficking Offense, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), and Unlawful Possession with Intent to Distribute Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

_____
OFFICER KYLE GATEWOOD
METROPOLITAN POLICE DEPARTMENT

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 22nd  day of August, 2025.*

_____
HONORABLE MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE