UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TREYVON COOPER,<br><br>Defendant. | No. 25-MJ-163-2 |

### ORDER

On August 27, 2025, the parties appeared before the undersigned for hearing on a motion for return of property. For the reasons stated below, the Court GRANTED Treyvon Cooper's motion. The Court ordered the government to return Mr. Cooper's phone that same day by 5:00 p.m. Defense counsel has since informed the Court that the government returned Mr. Cooper's phone by the deadline. This order memorializes that decision.

I.   BACKGROUND

On August 20, 2025, federal law enforcement officers arrested Mr. Cooper based on their own probable cause determination. On August 22, 2025, Mr. Cooper was formally charged by criminal complaint on a *misdemeanor* charge of simple possession—a charge the undersigned has never seen in federal court. Specifically, the statement of facts alleges that he was in *constructive* possession of 29.5 grams of marijuana.

Rule 5 of the Federal Rules of Criminal Procedure mandates that the government bring a defendant without *unnecessary delay* before a Magistrate Judge. Given Rule 5, the two-day lead time on filing the complaint, and basic fairness, Mr. Cooper should have been presented to a

1

Magistrate Judge on August 22, 2025. However, federal authorities did not bring Mr. Cooper to court until August 25, 2025.

Again, "[t]his is inexcusable. But it only gets worse from there." *United States v. Kristal Rios Esquivel*, 2025 WL 2451152, at *1 (D.D.C. Aug. 26, 2025).

"At the August 25 hearing, the government did not seek detention of [Mr. Cooper]. Instead, it asked for [his] release on minimal conditions of supervision." *Id.* And again, "[i]t is baffling why [Mr. Cooper] was then detained in the first place." *Id.* at n.1.

At the time of his arrest, federal law enforcement seized Mr. Cooper's phone. Five days later, at the time of his release, the government remained in possession of Mr. Cooper's phone. On August 25, 2025, counsel for Mr. Cooper orally moved for the return of Mr. Cooper's phone pursuant to Rule 41 of the Federal Rules of Criminal Procedure. The Court set a hearing on August 27, 2025 to resolve this motion.

## II.  DISCUSSION

"The D.C. Circuit has instructed that 'the district court has both the jurisdiction and the duty' to ensure the return 'to the defendant [of] property seized from him in the investigation but which is not alleged to be stolen, contraband, or otherwise forfeitable, and which is not needed, or is no longer needed, as evidence.'" *United States v. Brown*, 185 F. Supp. 3d 79, 82 (D.D.C. 2016) (citing *United States v. Wilson*, 540 F.2d 1101 (D.C. Cir. 1976)). Mr. Cooper's seized phone meets none of the criteria for continued seizure by law enforcement: it is neither stolen, nor contraband, nor otherwise forfeitable. And there is no reasonable argument that the phone presents any evidentiary value for a simple possession of marijuana charge.

The government proffered that it was in the process of drafting a search warrant for seized phone. But search for what? Drug trafficking requires dealers, suppliers, and co-conspirators

communicating in secret. Marijuana possession requires money and a metro card. Washington, D.C. has over 50 marijuana dispensaries, conveniently identified by the city on its official website. *See* https://abca.dc.gov/service/find-medical-cannabis-retailer#gsc.tab=0. What need is there for a phone then to commit the crime of simple possession of marijuana?

More importantly, "the [g]overnment does not need [Mr. Cooper's] phone to review its contents." *United States v. Dennis*, 622 F. Supp. 3d 1, 4 (S.D.N.Y. 2022). The government has had a week to "extract[] the phone's contents." *Id.* One would have hoped that with the surge of resources for the federal arrests, the government had also planned to surge tech support to help timely process the data from these arrests. That appears not to be the case. As of August 27, 2025, the government had not made a forensic image of Mr. Cooper's phone.

Separately, even if Mr. Cooper's phone was used to further the crime, that still does not justify its continued seizure as contraband. "[A] phone is not contraband simply when it was used in the commission of a crime." *Dennis*, 622 F. Supp. 3d at 3 (collecting cases). Indeed, "the alleged use of the phone in furtherance of [] alleged crimes does not render it derivative contraband any more than the use of a pencil to write a threatening note would render the pencil contraband." *Id.*

"[I]t is obvious that phones can be put to many legitimate purposes, and that, indeed, they have become a near-necessity of modern-day life." *Id.* (citing *Cf. Santos-Pineda v. Axel*, No. 10-cv-6285, 2011 WL 13103995, at *8 (C.D. Cal. July 26, 2011), *aff'd*, 621 F. App'x 407 (9th Cir. 2015) (requiring return of a computer tower because "a computer can also be used for a vast array of legitimate activities")). Thus, "[i]t can also be fairly assumed that individuals have a strong possessory interest in the personal data and information on their phones." *In re Search of Twenty-Six (26) Digital Devices & Mobile Device Extractions That Are Currently in the Possession of Law Enforcement in Washington D.C.*, No. 21-sw-233, 2021 WL 5822583, at *12 (D.D.C. Nov. 30,

2021). "Indeed, . . . oftentimes the information on a cell phone is more important to the owner than the physical device itself." *Id.* (cleaned up). "Modern cell phones often contain the owner's photographs, calendars, address books, phone logs, emails, texts, location data, and financial, health and retail purchase information, most of which are often of significant value to the owner." *Id.* "It is thus unsurprising that the Advisory Committee's notes to Federal Rule of Criminal Procedure 41(g) . . . recognize[] an owner's possessory interest in seized "electronically stored information."" *Id.* So, "[a]lthough [non-indigent defendants] can doubtless purchase a new phone, that is beside-the-point if, [a defendant] has a legitimate property interest in the seized phone." *Dennis*, 622 F. Supp. 3d at 3. Mr. Cooper is, however, an indigent defendant; this despite working for a moving company. Purchasing a new phone is no small expense for his limited budget.

Beyond the above harms, not having his phone is interfering with his ability to communicate with his counsel. Over the past two days alone, his counsel has received phone calls from Mr. Cooper from four different phone numbers. Mr. Cooper has been forced to borrow friends and co-workers' phones to make these calls. This burden on attorney-client communications potentially raises Sixth Amendment concerns.

On the flip side, the harm to the government from returning the phone is negligible. Mr. Cooper faces a misdemeanor charge. If he were to delete evidence on his phone—assuming there is such content—he would face felony criminal charges. He has every incentive to preserve the evidence on his phone. If the government ultimately establishes probable cause to search it, they can seize the phone from him pursuant to a warrant. Mr. Cooper is on pre-trial release, so the government should have no problem finding him to serve the warrant.

## III.   CONCLUSION

This case does not seemingly belong in federal court. And this phone certainly does not belong with federal agents.

Date: August 27, 2025

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE